■　　In the Matter of NEIL RAMSAROOP, Petitioner, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Petitioner commenced this article 78 proceeding to annul a determination of the State Commissioner of Social Services which, after a fair hearing, affirmed a determination of the Onondaga Department of Social Services denying petitioner's application for public assistance in the form of food stamps for his wife, daughter and himself. The State commissioner concluded that the application was properly denied because petitioner's nonexempt resources and his income were in excess of the food stamp eligibility limits imposed by the applicable regulations. Petitioner contends that the findings of ineligibility are arbitrary, contrary to law and not supported by substantial evidence. The pertinent regulation is 18 NYCRR 435.5 (b) (2) (ii), which provides that households in petitioner's category are not eligible to participate in the food stamp program if they own resources in excess of $1,500 (with certain exclusions). The regulation further provides that the department shall not consider as resources "property producing income consistent with its fair market value" (18 NYCRR 435.5 [b] [3] [iv]). Petitioner owns a 15-unit apartment building in Syracuse, which is not his residence. A "case narrative", prepared by the county department, indicates that petitioner had told the department that his apartment building was worth $24,000 and that he owed 24 monthly mortgage payments of $595.77 each, for a total of $14,298.48. Petitioner purchased the building in 1973 at a price of approximately $38,000 and "would assume" the present value is $34,000. He made a cash payment of $19,000 at the time of transfer. From these figures the department calculated that his equity in the building is $9,701.42. The department treated this as a resource, or "asset", for the purpose of food stamp eligibility because it concluded that the building was not producing income consistent with its fair market value. This conclusion was based on petitioner's statements indicating that his gross income was not sufficient to pay the building's expenses. Petitioner stated to the department that he had not met any heating, tax or insurance bills, that he had no insurance in effect, that he was "thousands of dollars behind in his bills" and that he "has been using bank credit lines to make small partial payments on some of his bills" but that he was still in arrears. At the date of his application petitioner was laid off from his job and he stated that his unemployment benefits had run out. In addition to petitioner's equity in the building, the department also counted as a resource a $500 bank account and a "second car, a 1969 Volkswagen with a value of $400". Petitioner's daughter had a $500 bank account at the date of the application and petitioner's household owned a 1973 Volkswagen valued at $2,000, which, consistent with 18 NYCRR 435.5 (b) (3) (i), was considered as exempt. The inclusion of the bank accounts as household resources is authorized by 18 NYCRR 435.5 (b) (4) (i). In his "decision after fair hearing" the State commissioner found, inter alia, that the gross rentals from the apartment building were $800 monthly, that petitioner "testified that his expenses for maintaining his apartment house are about $947 monthly, including payments on his mortgage. The credible evidence, in [sic] that this property is not producing income consistent with its fair market value and it is, therefore, not an exempt resource. Petitioner has resources which are far in excess of those which are exempt from

consideration for his household. Furthermore, he testified that he has not been paying the expenses on his apartment house and has been using his rental to meet living expenses. His net available income is, therefore, far in excess of the eligibility level for his household". Despite petitioner's broad allegation that the respondent State commissioner's decision was "arbitrary, capricious and contrary to law", it is evident from the petition that his challenge is directed to the finding that the apartment building was not an exempt resource. It is unnecessary to reach this issue for the commissioner's decision can be sustained upon an independent ground—namely, his finding that petitioner's net available income is in excess of the eligibility level for his household. The commissioner interpreted 18 NYCRR 435.5 to mean that the households in petitioner's category "shall not be eligible for food stamps if they have resources in excess of $1,500, or *net income in excess of $427, monthly*" (emphasis added). 18 NYCRR 435.5 (a) (1) (ii) provides that in such a household "the combined monthly net food stamp income of all household members shall be considered * * * and it shall not exceed" specified maximum levels. The maximum specified for a "household size" of three is $393, and the commissioner's figure of $427 is more generous to petitioner, who does not challenge the accuracy of the $427 figure. The record contains more than adequate evidence to support the finding that petitioner's household's monthly net food stamp income is in excess of $427. In petitioner's food stamp application he indicated that he receives $550 monthly from his brothers and sisters. By 18 NYCRR 435.5 (a) (3) (xi), cash gifts for support or maintenance are includable as income. Also includable are "rents, dividends, interest, royalties and all other payments except loans * * * from any source whatever which may be construed to be a gain or benefit" (18 NYCRR 435.5 [a] [3] [xiv]). The gross rents from the apartment house are income as well; all of which gave petitioner a monthly income of at least $1,350. The commissioner's finding that the petitioner's income exceeded the eligibility limit is amply supported by substantial evidence. The determination should be confirmed and the petition dismissed. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Hancock, Jr., Goldman and Witmer, JJ.